**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ERNEST DIXON, | : | |
| | : | |
| Plaintiff, | : | Civil Action No.: 10-0672 (RMU) |
| | : | |
| v. | : | |
| | : | |
| JAMES PETERS, | : | |
| | : | |
| Defendant. | : | |
| | : | |

| | | |
|---|---|---|
| ERNEST DIXON, | : | |
| | : | |
| Plaintiff, | : | Civil Action No.: 10-0676 (RMU) |
| | : | |
| v. | : | |
| | : | |
| JAMES ROBERTSON, | : | |
| U.S. District Court Judge, | : | |
| | : | |
| Defendant. | : | |
| | : | |

| | | |
|---|---|---|
| ERNEST DIXON, | : | |
| | : | |
| Plaintiff, | : | Civil Action No.: 10-0682 (RMU) |
| | : | |
| v. | : | |
| | : | |
| 1600 PENNSYLVANIA AVENUE, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## MEMORANDUM OPINION

### DISMISSING THE CASES

The *pro se* plaintiff has filed three separate one-paragraph complaints in this court. In

each, he identifies himself as a retired admiral residing at 1600 Pennsylvania Avenue,

Washington, D.C. In the first-filed complaint, the plaintiff seeks $999,000,000,000,000,000 in

damages from James Peters of the James Peters Medical Center in the Bronx, New York, "for having his name on my Ernest L. Dixon Medical Center." Compl., *Dixon v. Peters*, No. 10-672 (D.D.C. Apr. 30, 2010). The plaintiff also seeks $999,000,000,000,000,000 in punitive damages from the defendant. *Id.*

In the second complaint, the plaintiff brings suit against retired District Court Judge James Robertson, again for the sum of $999,000,000,000,000,000, "for not trying my law suits when I had only $2.39 in the Bank of America." Compl., *Dixon v. Robertson*, No. 10-676 (D.D.C. Apr. 30, 2010). The plaintiff also seeks from Judge Robertson an additional $999,000,000,000,000,000 in punitive damages. *Id.*

In the third complaint, the plaintiff brings suit "for reposesion [sic] of my home address – 1600[] Pennsylvania Avenue in Washington D.C." Compl., *Dixon v. 1600 Pennsylvania Avenue*, No. 10-682 (D.D.C. May 3, 2010). The plaintiff states that he "want[s] the keys to the said [location] and everyone to vacate [his] premises [im]mediately." *Id.*

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint must contain a short and plain statement of the grounds upon which the court's jurisdiction depends, as well as a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a). The plaintiff is plainly aware of this rule, as judges of this court have dismissed numerous complaints filed by the plaintiff based on his failure to comply with Rule 8. *See, e.g.*, *Dixon v. Television Station Channel Fox*, 2008 WL 4831708, at *1 (D.D.C. Nov. 6, 2008); *Dixon v. Liebherr Co.*, 2008 WL 4776677, at *1 (D.D.C. Oct. 28, 2008); *Dixon v. Wyatt Hotel*, 2008 WL 4724497, at *1 (D.D.C. Oct. 27, 2008).

None of the three complaints at issue here contains a short and plain statement showing that the plaintiff is entitled to relief. *See generally* Compl., *Dixon v. Peters*, No. 10-672 (D.D.C.

Apr. 30, 2010); Compl., *Dixon v. Robertson*, No. 10-676 (D.D.C. Apr. 30, 2010); *Dixon v. 1600 Pennsylvania Avenue*, No. 10-682 (D.D.C. May 3, 2010). Furthermore, the third complaint presents the type of "fantastic and delusional scenario" warranting immediate dismissal. *Nietzke v. Williams*, 490 U.S. 319, 327 (1989); 28 U.S.C. § 1915(e)(2)(B).

Accordingly, the court dismisses the first two complaints without prejudice for failure to comply with Rule 8 and dismisses the third complaint with prejudice as frivolous. Separate orders consistent with this Memorandum Opinion are issued this 14th day of December, 2010.


RICARDO M. URBINA
United States District Judge